S. Albertson Company, Inc. *vs.* Great Northern
Railway Company.

Suffolk.    March 8, 1961. — March 30, 1961.

Present: Wilkins, C.J., Williams, Whittemore, Cutter,
& Spiegel, JJ.

*Practice, Civil,* Action transferred to District Court, Stipulation. *Evidence,* Prima facie evidence.

Trial of an action in the Superior Court upon a statement of agreed facts prefaced by a summary of the previous proceedings, on retransfer of the action to it after trial in a Municipal Court following transfer thereto from the Superior Court pursuant to G. L. c. 231, § 102C, as inserted by St. 1958, c. 369, § 3, did not deprive the party for whom the Municipal Court judge found of the effect of that finding as prima facie evidence, and that finding warranted a finding for the same party by the judge of the Superior Court.

Contract or tort.    Writ in the Superior Court dated March 24, 1958.

Following transfer to the Municipal Court of the City of Boston and retransfer to the Superior Court, the action was heard by *Barron, J.*

*Daniel F. Featherston, Jr.,* for the defendant.

*Robert P. Springer,* (*David B. Goldberg* with him,) for the plaintiff.

Wilkins, C.J.    This action against a common carrier for damages due to delayed delivery of a carload of apples was originally brought in the Superior Court, and then transferred to the Municipal Court of the City of Boston under G. L. c. 231, § 102C, inserted by St. 1958, c. 369, § 3.    After trial the Municipal Court judge found for the plaintiff in the amount of $201.50.    The defendant, without seeking a report to the Appellate Division, requested retransfer to the Superior Court.    Upon retransfer a statement of agreed facts was submitted, the judge found for the plaintiff in the same amount, and the defendant excepted.    As

part of the same document a summary of the previous proceedings somewhat as set forth above preceded the statement of agreed facts.

The defendant argues that the agreed facts amounted to a case stated, and that the plaintiff had thereby stipulated itself out of its advantage gained in the finding of the Municipal Court judge which under § 102C was prima facie evidence in the Superior Court. We cannot accept this argument. We do not have the question whether parties after a trial in a District Court under § 102C may agree that its result shall be placed at naught. The reference to the prior proceedings and to § 102C embraced as a fact the finding for the plaintiff and its effect as prima facie evidence. This case is largely controlled by *Lubell* v. *First Natl. Stores, Inc. ante,* 161, just decided. We shall not yield to the importunity of the defendant that we reverse our decision in that case.

The Superior Court judge could find for the plaintiff upon the prima facie evidence of the finding of the Municipal Court judge.

*Exceptions overruled.*