**51 CCPA**
**Application of David POLLAN.**
**Patent Appeal No. 7118.**

United States Court of Customs and Patent Appeals.
March 12, 1964.
Rehearing Denied May 8, 1964.

James P. Malone, Mineola, N. Y., for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and MARTIN, SMITH, and ALMOND, Judges.

MARTIN, Judge.

This appeal is from the decision of the Board of Appeals affirming the examiner's rejection of claim 15, the only remaining claim, in appellant's application serial No. 552,428, filed December 12, 1955, for "Automatic Slide Projector."

The appealed claim reads as follows:

"15. A magazine slide projector comprising a housing adapted to receive a removable magazine, projection means including a light source, a lens system mounted in said housing, an internal slide magazine track mounted in said housing parallel to and at the same horizontal level as the optical axis of said projection means, positive control means mounted in said housing to move slides horizontally to and from a magazine on said track to a position in front of said lens system, indexing means connected to said slide moving means and adapted to advance a magazine on said track each time a slide is moved, said slide moving means comprising a pusher member mounted perpendicular said magazine track, a shutter pivotally mounted on said housing in front of said lens system, and means connected to said pusher member to open said shutter as a slide is placed in front of said lens system."

The references relied on by the examiner and board are:

| | | |
|---|---|---|
| Roebuck | 998,305 | July 18, 1911 |
| Tuck | 2,579,281 | Dec. 18, 1951 |
| Goldberg | 2,756,630 | July 31, 1956 |

The application discloses a slide projector, a side view of which is shown in Fig. 1A of the drawings reproduced below:

Fig 1A

The projector includes a housing 1, a lamp 2, a lens system in front of the lamp, a focusing lens 4, and an internal slide magazine track 5. The track is in the form of a straight channel member which is disposed "parallel to the optical path" and "extends the full length of the projector so that a slide magazine may be inserted through the back of the projector and removed from the front of the projector after it has been automatically advanced." Rotatable extension wings 5' at each end of the track, which can be lowered down to extended position, are said to serve to keep the slides in place in the magazine. The magazine itself is provided with a plurality of compartments for receiving the slides in parallel relationship.

A slide changing pusher member 15 extending from the side of the projector is operable through a lever and gear arrangement to index the compartmented magazine forward, one compartment at a time, and includes an arm portion which advances a compartment of the magazine to push a slide horizontally inwardly into viewing position in alignment with the lamp 2 and lens 4. As the pusher arm is moved inwardly a tip thereon engages a shutter on the optical axis and pivots it upward from a position in alignment with the slide to expose the slide for display on the screen. Return movement of the pusher results in return of the shutter to its former position and return of the slide to the magazine, placing the apparatus in condition for exhibiting the next slide.

The Goldberg patent discloses a slide projector which is also provided with a slide changer of the automatic magazine

advancing type. Fig. 1, reproduced below, is a perspective view (with the base tray partly cut away) of the Goldberg slide projector.

Fig.1.

The projector includes a removable magazine 29, projection means including a light source, lens system 22, a slide magazine track comprised of a long bottom section 27 and upper short track sections 30 and being parallel to and in the horizontal plane of the lens axis, a step by step magazine advancing means 50, and slide pusher member 35, 35A, 36A positioned perpendicular to the magazine track, the pusher member including a leg 36 which serves as a handle. Actuation of the slide assembly serves to index the slide magazine one compartment forward, move the slide to be projected into position for projection while *sliding* a shutter on the optical axis to inoperative position, and then move the shutter back to operative position and return the slide to the magazine.

The Tuck patent discloses a slide projector for displaying in sequence slides arranged in a column in a tray or magazine. A horizontally disposed support or carriage receives the tray, and a housing comprised of a body portion and cover encloses the projector parts including the tray and its support.

Roebuck discloses a projector where, as in appellant's device and the Goldberg reference, slides are individually moved horizontally from a straight magazine or track into projecting position. The shutter plates are mounted on *pivots* about which they swing to an inoperative position to expose a slide in projecting position for display.

 The board sustained the examiner's rejection of the claim as unpatentable over Goldberg in view of Roebuck and Tuck. That rejection was on the basis that it would not be patentable to provide Goldberg's projector with a pivotally mounted shutter as in Roebuck

in place of the sliding shutter present in the Goldberg structure and that it would be obvious to enclose the elements of Goldberg's projector in a housing as suggested by Tuck. Noting that appellant questioned the operativeness of Goldberg in connection with the stop means for locking the parts of the pusher member together, the board noted that the claim does not recite details of that member and ruled that it would be obvious to one skilled in the art to provide a proper coupling in the tube and rod arrangement used by Goldberg.

The board further held that an affidavit filed by appellant under the provisions of Rule 131 was insufficient to overcome the Goldberg patent as a reference. That ruling was based on the view that the exhibit projector constituting the subject matter of the affidavit does not show essential features of the claimed projector structure.

Before us, appellant stresses as Point 1 of his argument the contention that the affidavit under Rule 131 overcomes the Goldberg patent as a reference and we consider the question raised thereby to be the controlling issue. Appellant also argues, as Points 2 and 3, that Goldberg is inoperative and that the claim is otherwise patentable over Goldberg "singly or in combination" irrespective of the Rule 131 affidavit. The solicitor points out, however, that appellant's Notice of Appeal, although asserting generally that the board "erred in denying a patent on the subject application," specifically alleges error as the matters involved only in the holding that the Rule 131 affidavit is insufficient.

Concerning Points 2 and 3, we find no error in the board's view of the rejection expressed as follows:

"The Examiner held that the slide projector of Goldberg was the patentable equivalent of the projector as claimed. He held that it would not be patentable to provide Goldberg's projector with a pivotally mounted shutter as in Roebuck. Appellant does not traverse that holding. The Examiner also held that it would not be patentable to use the housing to enclose the elements of Goldberg's projector as suggested by Tuck since it would be an obvious variation.

"Appellant urges that he has combined the good feature of Tuck, namely the integral construction, together with the good feature of Goldberg, namely the horizontal motion and control. The claim does not set forth an 'integral construction.' We must assume, however, that the limitation 'an internal slide magazine track mounted in said housing' is intended to provide the integral construction argued by appellant. However, appellant in his reply brief states 'Whether or not the magazine or track is internal or external is not of patentable significance.' We agree with appellant as to this conclusion and we also agree with the Examiner that mounting Goldberg's magazine track internally of a housing is not a patentable variation. We are in full agreement with the position taken by the Examiner in his holding that claim 15 does not define a patentable improvement over the prior art. * * *"

Although appellant now urges that "Roebuck has no connection whatsoever with the modern removable slide magazine," we think that one skilled in the art would clearly derive from Roebuck a suggestion for the use of a *pivoted* shutter.

We also agree fully with the board that one skilled in the art would find it a very simple and obvious matter to provide a proper coupling in the Goldberg tube and rod arrangement so that its slide transfer means will operate satisfactorily in the manner clearly described in the patent.

Review of the remaining and controlling issue, the sufficiency of the Rule 131 affidavit, involves consideration of the projector which that affidavit purports to show was reduced to practice prior to

Goldberg's filing date.[1] The following sketch, although itself taken from a publication dated subsequent to Goldberg's filing date, illustrates the subject matter of the exhibit on which appellant relies:

As is apparent from the sketch, the projector has a circular shell receiving a circular magazine unit for carrying the slides. The magazine is indexed by rotating it in increments to bring each slide in turn to the uppermost position. The slide in such uppermost position is then moved horizontally inwardly to projecting position on the optical axis of the projector, projected on the screen, and then returned to the magazine before the latter is indexed to bring the next slide into the uppermost position.

The examiner held and the board agreed that appellant's affidavit under Rule 131 is ineffective to antedate the

Goldberg patent because it does not show completion of the invention of a slide projector satisfying the limitations of claim 15. Claim 15 reads in part as follows:

"A magazine slide projector comprising a housing adapted to receive a removable magazine, projection means including a light source, a lens system mounted in said housing, an internal slide magazine track mounted in said housing parallel to and at the same horizontal level as the optical axis of said projection means, * * *"

It is the board's position that the projector disclosed in the affidavit and attached

---

1. At oral hearing, counsel, referring to In re Palmquist, 319 F.2d 547, 51 CCPA —, commented that since the rejection on Goldberg is under § 103, it would appear that the effective date of the Goldberg patent should be its date of issuance and that if that is the case, the Goldberg patent is not applicable at all. While it was held in the Palmquist case that an applicant was not barred by the statute from overcoming a reference used in a rejection under 35 U.S.C. § 103, by a showing of an invention prior to the effective date of a cited periodical, no question of statutory bar is involved here but only the sufficiency of the showing in the Rule 131 affidavit is questioned. We do not see that the Palmquist case is authority for a ruling that the Goldberg patent is effective only as to its publication date.

exhibits which employs a drum-type magazine for circular movement, does not provide support for "an internal slide magazine track mounted in said housing parallel to and at the same horizontal level as the optical axis of said projection means. * * *"

More specifically the board stated in its original decision:

"After due consideration of all the arguments presented by appellant, we find that we are in full agreement with the Examiner with respect to the affidavit. The rotary magazine and the shell in which it rotates does not provide a 'slide magazine track mounted in said housing *parallel* to and at the same horizontal level as the optical axis of said projection means * * *.' (Emphasis added.) The track which follows a circular path is not parallel to the optical axis. The disclosure of the projector relied upon in the affidavit is substantially different from the projector claimed herein and disclosed in Goldberg. While the horizontal movement of the slides from the magazine to the optical axis may be similar to that claimed or shown in Goldberg, the particular slide magazine track which is an essential element of the claim, is not supported by the affidavit."

On reconsideration, it commented further:

"Appellant does not agree with our holding that the track which follows a circular path is not parallel to the optical axis. Appellant contends that our holding involves merely a question of semantics and is incorrect.

"Considering the substantial differences between the disclosure in the exhibits and the disclosure and claims in the instant application, it is apparent to us that the parallel relationship claimed is not disclosed in the exhibits. We do not agree with appellant's interpretation of the claims.

"The fact that planes containing the optical axis and the circular track may have a parallel relationship does not justify the conclusion that the track is parallel to the optical axis which is a straight line. The track and the axis do not extend in the same direction and everywhere equidistant."

Appellant urges that the circular magazine track of the exhibits supports the claim language. It is contended that there is no particular slide magazine track recited in claim 15 and that accordingly the crux of the board's position that "the particular magazine track which is an essential element of the claim is not supported by the affidavit" fails.

The recitation of the claim which must be considered here, is as follows:

"* * * an internal slide magazine track mounted in said housing parallel to and at the same horizontal level as the optical axis * * *."

It seems to us that that language, when interpreted in light of appellant's application, reads on an internal slide magazine track parallel to the optical path and extending the full length of the projector so that a slide magazine may be inserted through the back of the projector and removed from the front of the projector.

The application states that slide magazines are generally rectangular plastic members, and that the present invention incorporates the slide magazine inside the projector housing, the projector also providing storage space for at least one additional slide magazine. In referring to his drawings, appellant states that an internal slide magazine track is parallel to the optical path and extends the full length of the projector so that a slide magazine may be inserted through the back of the projector and removed from the front of the projector.

On the other hand, the drum-type magazine in the affidavit is mounted on a shaft in a round cavity on the outside of the projector casing. To the extent that

the exhibit projector's shell receiving the slide magazine provides a "track," that track is circular and extends in a circular direction. It thus does not extend in the same direction as the axis of the projector. While it is true that a plane taken through the circular slide magazine perpendicular to the axis of rotation is parallel to the optical axis, as is a line tangent to the circular magazine at its lowermost point, we do not think the language of the claim contemplates such subtle geometric equivalents. Rather we think the plain meaning of the above limitation in the claim is that it calls for an internal slide magazine track which extends longitudinally in a direction parallel to and at the same horizontal level as the optical axis.

For the foregoing reasons the decision of the board is affirmed.

Affirmed.