CLEAVEN ALBERT *vs.* FREDERICK L. WELCH.

Suffolk. September 15, 1971. — November 5, 1971.

Present: TAURO, C.J., CUTTER, REARDON, QUIRICO, & BRAUCHER.

*Employer's Liability*, Scope of employment.

In an action by an employee to recover damages for personal injuries, it was error to direct a verdict for the defendant employer following the plaintiff's opening statement in which he alleged that the defendant was required, but had failed, to carry workmen's compensation insurance covering the plaintiff, who was employed to drive the defendant's truck; that after the truck driven by the plaintiff had broken down and had been towed to the defendant's place of business the plaintiff removed a defective fuel pump; and that thereafter the plaintiff was burned when the truck caught fire as he attempted to open its door to remove his jacket and the ignition key, and the facts alleged in the opening statement were consistent with the plaintiff's employment as a truck driver. [398–399]

TORT. Writ in the Superior Court dated January 14, 1965.

The action was tried before *Fairhurst, J.*

*Leonard Glazer* for the plaintiff.

*John P. McGloin (Edward T. Brady, Jr., & Arthur E. Gustafson, Jr.,* with him) for the defendant.

BRAUCHER, J. This is an action of tort to recover damages for injuries sustained by the plaintiff while in the course of his employment by the defendant. The declaration is in two counts. The first count alleges that on or about

August 20, 1963, the plaintiff was employed by the defendant as a truck driver; that the trucking business, particularly the hauling of building materials, was determined by the Commissioner of the Department of Labor and Industries to be hazardous employment; that the defendant on the date in question failed to carry workmen's compensation insurance as required by law; that the plaintiff sustained severe injuries which arose out of and in the course of his employment by the defendant; and that the defendant is deprived of the defences set forth in G. L. c. 152, § 66. Count 2 is essentially the same as count 1, but omits the allegation as to hazardous employment.

Following the plaintiff's opening statement, the trial court allowed the defendant's motions for directed verdicts on counts 1 and 2. The case is here on the plaintiff's exceptions.

The plaintiff's opening statement included the following. The defendant was required to carry workmen's compensation insurance both because the plaintiff's job as a truck driver was hazardous and because the defendant had more than three employees. Nevertheless, the defendant did not have the required insurance. On August 20, 1963, the plaintiff had driven one of the defendant's trucks to Hamilton. On the return trip, the truck stopped running in Danvers. He called the defendant, who drove out in another large truck a few hours later and asked the plaintiff what was wrong. The plaintiff told him the fuel pump was gone. The truck was then towed back to the defendant's place of business in Roxbury. Prior to arriving at the defendant's place of business, the defendant stopped at a Shell gasoline station and filled the gasoline tanks of the defective truck. When they arrived in Roxbury, the defendant told the plaintiff to "take off the fuel pump. Someone is going to be coming after supper to put on a new one." The plaintiff removed the fuel pump and laid it on the platform of the truck. He then went to the cab of the truck to remove his jacket and the ignition key. As he reached up to open the cab door, the truck caught fire and he was badly burned.

The record is unclear as to why the defendant's motions for directed verdicts were granted. The defendant argues that there was a fatal variance in that the declaration alleged that the plaintiff was acting in the scope of his employment as a truck driver, whereas the opening statement alleged that the plaintiff was acting as a mechanic; and it was in the performance of a mechanic's duties, which were inconsistent with his duties as a truck driver, that the plaintiff was injured.

We cannot accept the defendant's contention that the plaintiff's act of opening the cab door in order to remove his jacket and the ignition key was inconsistent with his employment as a truck driver. The definition of "arising out of" is very broad. "An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects." *Caswell's Case*, 305 Mass. 500, 502. *Bator's Case*, 338 Mass. 104, 106. "The question is whether his employment brought him in contact with the risk that in fact caused his death. . . . The inquiry has been whether his employment exposed him to the risk, whatever it was, which actually caused the injury." *Souza's Case*, 316 Mass. 332, 334. We have held that employment includes leaving the premises at the end of the day's labor. *Baran's Case*, 336 Mass. 342, 344, and cases cited. These standards are the same in a tort action against an employer who has not complied with the requirements of the Workmen's Compensation Act. *Zarba* v. *Lane*, 322 Mass. 132, 134.

We therefore sustain the plaintiff's exceptions to the allowance of the motions for directed verdicts, and remand the case for trial.

*So ordered.*