ALFRED J. RICHARD *vs.* MASSACHUSETTS PORT AUTHORITY. April 30, 1974. On July 31, 1968, the plaintiff drove his automobile to the entrance of the defendant's public parking garage at Logan International Airport, took a ticket or claim check from a machine (no attendant being in sight), drove into the garage, parked and locked his car and took the keys with him. He returned on August 4, 1968, and discovered that his car had been stolen. He began this action in tort for the value of the car in the Superior Court. It was transferred for trial to the Municipal Court of the City of Boston, where a finding was entered for the plaintiff in the amount of $3,705. G. L. c. 231, § 102C. On retransfer to the Superior Court, the action was tried to a jury, which returned a verdict for the plaintiff in the same amount. The defendant took exceptions to the introduction in evidence of the Municipal Court finding, to the denial of its motion

for a directed verdict, and to the judge's instruction to the jury that "[i]t is immaterial [to the creation of a bailment for hire] that the car was locked and the keys taken by the owner of the car . . .." The instruction was correct. We take this point to have been settled in *Hale* v. *Massachusetts Parking Authy.* 358 Mass. 470, 471 (1970), and *American Auto Sales, Inc.* v. *Massachusetts Port Authy., ante,* 805 (1974). The defendant's arguments respecting the introduction in evidence of the Municipal Court finding raise issues not before us on the record. As that evidence by itself warranted a finding for the plaintiff (*Lubell* v. *First Natl. Stores, Inc.* 342 Mass. 161, 164 [1961]; *Akron Brick & Block Co.* v. *Moniz Engr. Co. Inc.* 365 Mass. 92 [1974]), the motion for a directed verdict was correctly denied.

*Exceptions overruled.*

*Brian E. Concannon* for the defendant.
*Francis J. Bousquet* for the plaintiff.