GARBER'S AUTO RENTAL, INC. *vs.* GENOA PACKING COMPANY.

Suffolk.    April 10, 1974. — May 24, 1974.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

*Contract,* Assignment, Novation.    *Damages,* Penalty, Liquidated damages.

Where, after leasing of motor vehicles under contracts requiring certain services of the lessor with respect to the vehicles, the lessor entered into a transaction concerning the vehicles with a third party and notified the lessee thereof, whereupon the lessee took action leading to the lessor's repossessing and selling the vehicles,

but it appeared that, whether in the transaction with the third party the lessor assigned the leases or attempted a novation, the lessor was "ready, willing, and able to continue as lessor under the contracts," a conclusion was warranted that the action taken by the lessee was unjustified and constituted a breach of the leases entitling the lessor to recover damages from the lessee. [302-303]

In leases of motor vehicles, a provision, that if "the term shall be ended by repossession . . . lessee shall pay to lessor as damages a sum equal to the difference between the rental value of the leased vehicles for the residue of the . . . term and the [contract] rent," furnished a simple formula for determining a reasonable approximation of actual damage to the lessor and did not call for a penalty or unconscionably large damages, and was properly applied in an action by the lessor against the lessee; there was no merit in a contention by the lessee that the amount received by the lessor from a sale of the vehicles after repossession, instead of such rental value, should be credited against the rent. [303]

CONTRACT AND TORT. Writ in the Municipal Court of the City of Boston dated February 2, 1971.

Following removal to the Superior Court, transfer to the Municipal Court and retransfer to the Superior Court, the action was heard by *Griffin*, J.

*Stanley S. Ganz* (*Charles H. Riley, Jr.*, with him) for the defendant.

*John H. Henn* for the plaintiff.

HALE, C.J. This is an action to recover damages for the wrongful termination of three written contracts for the lease of eleven motor vehicles. The action was commenced in the Municipal Court of the City of Boston, removed to the Superior Court at the request of the defendant (G. L. c. 231, § 104, as amended by St. 1965, c. 377), and thereafter transferred to the Municipal Court for trial. That court found for the plaintiff in the sum of $16,039. The action was retransferred to the Superior Court (G. L. c. 231, § 102C, as amended through St. 1967, c. 778), where the case was tried jury waived, following which the court found for the plaintiff in the amount of $16,275.18. The case is here on the defendant's bill of exceptions.

We summarize the evidence presented to the Superior Court, which included the decision of the Municipal Court. The plaintiff is a corporation with offices in Brookline engaged in the business of leasing motor vehicles. The defendant is a corporation engaged in the meat packing business with headquarters in Cambridge. The plaintiff leased eleven vehicles to the defendant under three agreements dated April 15, June 12, and September 28, 1970. All of the vehicles were new and were selected by the defendant. The leases required the plaintiff to provide registrations, insurance, maintenance, and repairs as well as furnish replacement vehicles whenever necessary. Maintenance and repairs to the cars were performed by outside firms which were designated by the plaintiff. At the time the leases were executed and thereafter the plaintiff had no facilities for mechanical or body repairs. During the late summer and fall of 1970 representatives of each corporation discussed problems concerning maintaining, repairing, and insuring the leased vehicles. They also discussed the defendant's requests to terminate the lease on two of the motor vehicles. No termination resulted. On December 23, 1970, the plaintiff notified the defendant that it had "transferred all" of its cars and leases to Merchants Car Leasing Corporation of Boston (Merchants) and that thereafter all servicing of vehicles and all matters relating to registration, insurance, and the like would be handled through Merchants "with whom we shall retain an affiliation as agents." Accompanying that letter was a letter from Merchants which, among other things, advised the defendant: "All the terms of the present contract with Garbers will remain intact for the balance of your lease." Merchants was well established in the automobile leasing business, having approximately 500 cars on lease at the time. It had its own repair shop for mechanical repairs but did not operate a body shop.

Forthwith upon receiving this notice the defendant advised Merchants "that we do not wish to enter into a

lease and that the eleven vehicles . . . will be available at our plant parking lot for the owner's pick up at any convenient time after December 30." On the same day the defendant made arrangements to obtain replacement vehicles from another lessor. By letter of December 29, 1970, the plaintiff informed the defendant that, by the terms of its agreement with Merchants, the assignment of the leases and the sale of the vehicles would not be effective without the agreement of the defendant. The plaintiff also offered to remain the owner of the vehicles and to perform all of the obligations under the lease. This offer met with no response from the defendant, and on December 31 the plaintiff repossessed the vehicles from the defendant. The vehicles were subsequently sold by the plaintiff.[1]

The defendant has briefed and argued the following contentions: (1) that the leases were not assignable without its consent as they were bilateral and involved duties and obligations of a personal nature; (2) that the so-called assignment was in fact an attempted novation which could not be effected without its consent; (3) that the letter of December 29 arrived too late to affect the relationship between the plaintiff and the defendant; (4)(a) that the court used an improper measure of damages in arriving at its finding, and (b) that the default clause contained in the lease provided for unreasonably large "liquidated damages" and was grossly unconscionable and therefore void.[2]

1. The leases were assignable. Nothing in the leases barred their assignment by the lessor (although each lease provided that the lessee could not assign). Each party

---

[1] We infer that no assignment to Merchants was ever consummated.

[2] The disputed lease provision as to damages which was applied by the court is as follows: "If the term shall be ended by repossession . . . lessee shall pay to lessor as damages a sum equal to the difference between the rental value of the leased vehicles for the residue of the applicable term and the rent and other considerations required to be paid and performed in respect thereof."

was a corporation. No relationship of personal confidence was involved; nor did the relationship require the services of particular persons. *Dwight R. Woodford Co. Inc.* v. *Johnson,* 281 Mass, 391, 397 (1933). Williston, Contracts (3d ed.) § 419. See *Lunn & Sweet Co.* v. *Wolfman,* 256 Mass. 436, 442 (1926). The cases of *Boston Ice Co.* v. *Potter,* 123 Mass. 28 (1877), and *New England Cabinet Works* v. *Morris,* 226 Mass. 246, 251 (1917), cited by the defendant, are factually distinguishable.

2. The defendant does not claim that the plaintiff refused to go forward with the leases, or that the plaintiff was discharged from its responsibilities thereunder. The defendant does contend, however, that there was no assignment by the plaintiff to Merchants but rather an attempted novation and that a novation could not be effected without the consent of the defendant, which consent the defendant was free to withhold. We infer from the authorities cited in the defendant's brief that its position is that the plaintiff by its conduct repudiated its contracts, thus freeing the defendant from its obligations thereunder. We agree that the consent of the defendant would have been required for an effective novation. *Larson* v. *Jeffrey-Nichols Motor Co.* 279 Mass. 362, 366 (1932). Even if the acts of the plaintiff constituted an attempted novation, however, the defendant could not consider its liability under the leases to have been discharged. The court made a finding, fully justified on the evidence, that "[t]he plaintiff was ready, willing, and able to continue as lessor under the contracts." Thus, there was no repudiation of the contracts by the plaintiff. See *Clark* v. *General Cleaning Co. Inc.* 345 Mass. 62, 64-65 (1962); Williston, Contracts (3d ed.) § 420.

3. In view of what we have said above, we conclude that regardless of whether the transaction between the plaintiff and Merchants was an assignment (conditional or otherwise) or, alternatively, an attempted novation, the precipitate action of the defendant which caused the

repossession of the leased vehicles was not warranted and was a breach of the lease contracts for which the plaintiff was entitled to recover. The court's findings and rulings to that effect were correct.

4. The provision in each lease for ascertaining damages (fn. 2, *supra*) is a simple formula by which damages could be computed in the event of a repossession of the leased vehicles. By the operation of the terms of the formula, the amount of damages to be assessed continually lessened as the lease period wore on. The formula provided a means of determining a reasonable approximation of actual damage to the lessor. It did not operate to impose a penalty or excessively large damages, unrelated to actual damages, which would accrue to the lessor in the event of a breach. *Manganaro Drywall, Inc.* v. *Penn-Simon Constr. Co.* 357 Mass. 653, 657-658 (1970). The actual damage assessable by the court (see *A-Z Servicenter, Inc.* v. *Segall,* 334 Mass. 672, 675 [1956]), absent such a provision, could well have been in excess of the damages here awarded under the formula.

The defendant suggests that instead of crediting the fair rental value of the vehicles for the unexpired terms of the leases against the contract rent (as provided in the leases), the amount the plaintiff received from the sale of the repossessed vehicles should have been so credited. The leases provided that the plaintiff retain title to the cars and thus it could have sold them at the end of the term and kept the proceeds. By the means suggested the defendant would obtain by its breach that which it could not have had by fully performing the leases.[3] Needless to say, we would not consider imposing such a method of computing damages as an alternate to the reasonable provision for damages agreed to by the parties.

*Exceptions overruled.*

---

[3] The evidence in this case is such that, if we were to accept the defendant's contention, the plaintiff would have suffered no actual damage.