ROBERT WARREN *vs.* EDGECO, INC.

Hampshire.    April 20, 1979. — July 27, 1979.

Present: KEVILLE, GOODMAN, & GREANEY, JJ.

*Estoppel. Contract*, Employment, Illegality, Damages. *Evidence*,
Prima facie evidence. *Damages*, Breach of contract. *Practice, Civil*,
Argument by counsel.

An employee was not estopped from claiming compensation under the
Fair Labor Standards Act for unreported overtime where there was
evidence that his employer knew or should have known of the over-
time work. [174-175]
At the trial of a contract action in the Superior Court following trial
in a District Court, any error in the judge's charge with respect to
the measure of damages for breach of the contract was harmless
where it appeared that the jury elected to rely upon the finding of
the District Court as the basis for their award. [175-176]
At the trial of a contract action in the Superior Court following trial
in a District Court, the defendant's assertion of the illegality of the

agreement could not have formed the basis for allowance of its motion for a directed verdict or its motion for judgment notwithstanding the verdict since the finding of the District Court in the plaintiff's favor was prima facie evidence upon which the jury were entitled to rely. [176-177]

In a civil action, the expression in the course of closing argument of his personal opinions concerning the strength of the evidence and the veracity of a witness by the plaintiff's counsel, while improper, did not amount to reversible error where the judge not only admonished counsel when the statements were made but also forcefully and comprehensively instructed the jury that opinions expressed by the lawyers were not evidence and were not to be heeded. [177]

CIVIL ACTION commenced in the Superior Court on December 12, 1974.

The case was tried before *Travers, J.*

*Alan R. Hoffman* for the defendant.

*S. Thomas Martinelli* for the plaintiff.

KEVILLE, J. This is an appeal by the defendant, Edgeco, Inc. (Edgeco), from judgments in favor of the plaintiff Warren after a jury trial in the Superior Court. The action was originally brought in the Superior Court and transferred to a District Court under G. L. c. 231, § 102C. After a trial, the District Court judge found that, on the first count of the complaint for unpaid overtime services as foreman of Edgeco's shop, Warren was entitled to $11,850[1] in compensation and liquidated damages, and attorney's fees of $2,000 under the Fair Labor Standards Act, 29 U.S.C. §§ 207(a)(1), 216(b)(1976). On the second count the judge found for Warren in the amount of $12,000 for breach of an oral contract under which Warren engaged in trucking for Edgeco.[2]

---

[1] This figure was based on a claim of 726 uncompensated hours of overtime. At retrial in the Superior Court this claim was reduced to 670 hours.

[2] The District Court judge found that there was insufficient evidence to allow a calculation of damages under Warren's third count for a ten percent share of Habitat's profits during his term of employment. At the retrial in the Superior Court, Warren waived this count after the denial of Edgeco's motion for a directed verdict.

Edgeco failed to seek review in the Appellate Division but requested instead that the case be retransferred to the Superior Court for retrial under G. L. c. 231, § 102C. At this trial Warren introduced in evidence the District Court finding on the Fair Labor Standards Act count and the contract count. At the close of the evidence Edgeco moved for directed verdicts on both counts, alleging that Warren was estopped from making a claim for overtime because of his failure to report the overtime work on his weekly time cards, and that the trucking agreement was unenforceable, being against public policy, because Warren failed to comply with certain State and Federal requirements pertaining to motor carriers. The motion was denied. The jury returned verdicts for Warren on both counts, awarding damages of $3,750.70 on the claim under the Fair Labor Standards Act and $12,000 under the trucking agreement. The judge subsequently denied Edgeco's motion for judgments notwithstanding the verdicts, which raised the same grounds as those presented in the motion for directed verdicts, but also asserted that damages under the trucking agreement were based upon an erroneous measure. He allowed Warren's motion for attorney's fees in the amount of $2,500.

There was evidence at retrial in the Superior Court that a representative of Edgeco approached Warren in 1971 concerning possible employment with the company. After several meetings with the company's president George MacElhiney, Warren agreed to become foreman of Edgeco's South Deerfield shop. According to Warren, MacElhiney agreed to pay him ten percent of the profits for running the shop.[3] He was expected to work whatever hours were necessary to run the shop but was not to include all of his overtime on his weekly time cards.[4]

---

[3] In the position which he relinquished to join Edgeco, Warren had been the beneficiary of a five percent profit sharing plan.

[4] It is not disputed that Warren reported and was paid for certain of his overtime work. The dispute centers on overtime claimed by him but not reported to Edgeco.

Instead, his ten percent share of the profits was to be considered compensation for unreported overtime.[5] Warren kept a personal record of his unreported overtime in a notebook which he did not show to MacElhiney.

Warren also asserted that he offered to undertake the job of trucking for Edgeco if he were assured of the position "for at least a year." Relying on MacElhiney's agreement to this condition, Warren purchased a tractor and trailers. Approximately two months later, he was fired as foreman of the shop; and a few days thereafter he was relieved of the trucking job as well. He thereafter sold the tractor and trailers at a loss. MacElhiney denied that Warren was told that he would be paid ten percent of the profits as compensation for unreported overtime. MacElhiney claimed that the trucking arrangement was on a job by job basis and that there was no one year guaranty.

1. *Overtime Compensation.*

Edgeco asserts that Warren's failure to report the alleged additional overtime on his weekly time cards estopped him from claiming compensation for such work under the Fair Labor Standards Act, and for that reason that the judge erroneously denied its motion for judgment notwithstanding the verdict. However, the Congressional policy underlying that act weighs heavily against a rule of estoppel of an employee in such a situation; and courts will not invoke such a rule if, as in this case, there is evidence upon which the jury could find that the employer was aware that the employee was working unreported overtime (see *Handler* v. *Thrasher*, 191 F.2d 120, 123 [10th Cir. 1951]; *Burry* v. *National Trailer Convoy, Inc.*, 338 F.2d 422, 426-427 [6th Cir. 1964]) or if the employer was not misled or deceived. Annot., 162 A.L.R. 305

---

[5] Warren claimed that his share of the profits was to be for special services such as the use on the job of his own pickup truck. He claimed that he never received the full amount of the ten percent share of the profits although he admitted having received smaller bonuses.

(1946). See *George Lawley & Son* v. *South*, 140 F.2d 439, 443 (1st Cir.), cert. denied, 322 U.S. 746 (1944). In cases cited by the defendant in which the employee was deemed to have been estopped, evidence was lacking that the employer was aware of the employee's extra work. See *Mortenson* v. *Western Light & Tel. Co.*, 42 F. Supp. 319, 322 (S.D. Iowa 1941); *Wirtz* v. *Harrigill*, 214 F. Supp. 813, 815 (S.D. Miss. 1963), aff'd 328 F.2d 903 (1964); *Brumbe-low* v. *Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972); *Gale* v. *Fruehauf Trailer Co.*, 158 Kan. 30, 34 (1944); *Cotton* v. *Weyerhaeuser Timber Co.*, 20 Wash. 2d 300, 312-313 (1944).

Here, the judge correctly instructed the jury on the law of estoppel in its application to the evidence; and the District Court's finding on Warren's claim under the Fair Labor Standards Act, standing alone and absent a review by the Appellate Division, constituted prima facie evidence upon which the jury could have returned a verdict in Warren's favor regardless of other evidence introduced at trial in the Superior Court. G. L. c. 231, § 102C. *S. Albertson Co.* v. *Great No. Ry.*, 342 Mass. 326, 327 (1961). *Methuen Constr. Co.* v. *J & A Builders, Inc.*, 4 Mass. App. Ct. 397, 401 (1976). *O'Brion, Russell & Co.* v. *Lemay*, 370 Mass. 243, 244-245 (1976). *Sherman* v. *Doniger*, 374 Mass. 832 (1978). We might add that there was, in any event, evidence before the jury, apart from the District Court finding, that the defendant knew or should have known of Warren's unclaimed overtime. See 29 C.F.R. §§ 785.11, 785.12, 785.36 (1978). Not only Warren's testimony concerning the employment arrangement, but the nature of the job itself furnished a basis for such a finding. See *Handler* v. *Thrasher*, 191 F.2d at 123. From his duties as foreman and his responsibilities in overseeing the work of the shop, the jury could have inferred that Warren's employer was aware of Warren's input of additional overtime which had not been reported.

2. *Damages.*

Edgeco challenges the judge's instruction to the jury in

which he stated in substance that the measure of War-. ren's damages under the trucking agreement included his initial expenditure for the tractor and trailers less the price for which he sold them as well as his anticipated profit under the agreement. Even assuming that, if he were entitled to receive his anticipated profit under the agreement, he could not also receive his loss on the sale of the tractor and trailers bought in anticipation of the execution of the trucking agreement (see *Mount Pleasant Stable Co.* v. *Steinberg*, 238 Mass. 567, 570 [1921]; *Irwin* v. *Worcester Paper Box Co.*, 246 Mass. 453, 456 [1923]; *Sullivan* v. *O'Connor*, 363 Mass. 579, 586 n.5 [1973]; Annot., 17 A.L.R. 2d 1300, 1321-1322 [1951]; but see Fuller & Perdue, The Reliance Interest in Contract Damages, 46 Yale L.J. 52, 81 & nn.44, 45.[1936]), any error in this part of the judge's charge was in the circumstances harmless. The judge also instructed the jury that the District Court judge had awarded Warren "twelve thousand dollars in his second cause of action, and you the jury are entitled to consider [this] amount as *prima facie* evidence on the issue of the plaintiff's damages." He further instructed them in substance that they could disregard the effect of the prima facie evidence and decide the case on the other evidence. As the jury's verdict was for precisely $12,000, it is apparent that the jury elected to rely upon the finding of the District Court as the basis for their award and to ignore any evidence to the contrary.[6] *Spritz* v. *Lishner*, 355 Mass. 162, 165 (1969). See *Methuen Constr. Co.* v. *J & A Builders, Inc.*, 4 Mass. App. Ct. at 401; *Sherman* v. *Doniger*, 374 Mass. 832 (1978).

3. *Contract Illegality.*

We turn to Edgeco's claim that Warren's failure to comply with certain State and Federal requirements applicable to motor carriers was against public policy so that performance of this trucking agreement was illegal

---

[6] Indeed, counsel for Warren, in closing argument, stated to the jury that he was relying solely on the finding of the District Court.

and unenforceable. Evidence introduced before the jury formed the basis for the defendant's claim that the trucking agreement was illegal because of Warren's failure to obtain, inter alia, certain permits. But what transpired before the Superior Court judge on the question of illegality was disputed at oral argument before us. In its brief Edgeco asserts that at an unreported lobby conference the Superior Court judge determined that there was no factual dispute on that issue and that therefore he would deal with the question as matter of law upon the defendant's presentation of a motion for judgment notwithstanding the verdict, and not by an instruction to the jury. That assertion was challenged by Warren at oral argument and finds no support in the record on appeal. While Edgeco would have been entitled to an instruction on the question of illegality (see *Methuen Constr. Co.*, *supra* at 401), the record shows only that Edgeco moved for a directed verdict and, after its denial (see Mass.R.Civ. P. 50[b], 365 Mass. 814 [1974]), for a motion for judgment notwithstanding the verdict. In any event, assertion of the illegality of the trucking agreement could not have formed the basis for the allowance of either of those motions because here again the finding of the District Court judge was prima facie evidence before the jury upon which they could have found for Warren regardless of other evidence before them. *Methuen Constr. Co.*, *supra* at 400, and cases cited. *Sherman* v. *Doniger, supra*.

4. *Improper Argument.*

The expression in the course of closing argument of his personal opinions concerning the strength of the evidence and the veracity of a witness by Warren's counsel, while improper, did not amount to reversible error. The judge not only admonished counsel when the statements were made but later in his instructions to the jury he forcefully and comprehensively sought to make clear to the jury that opinions expressed by the lawyers were not evidence and were not to be heeded. In his discretion the judge could have concluded that the remedial measures

which he employed were sufficiently curative. See *Hess* v. *Boston Elev. Ry.*, 304 Mass. 535, 541 (1939); *Luz* v. *Stop & Shop, Inc.*, 348 Mass. 198, 207-208 (1964); *Fialkow* v. *DeVoe Motors, Inc.*, 359 Mass. 569, 572 (1971). See generally *Commonwealth* v. *Watson*, 377 Mass. 814, 823 (1979). Following the judge's charge, counsel for Edgeco requested no additional or different instructions on the question of counsel's expression of his personal opinions. *Fialkow* v. *DeVoe Motors, Inc.*, *supra.*

*Judgments affirmed.*