HAROLD H. FULTON & another *vs.* ERNEST J. GAUTHIER.

Worcester. February 5, 1970. — March 3, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Negligence,* Gross negligence, Motor vehicle. *Practice, Civil,* Action transferred to District Court. *Evidence,* Prima facie evidence.

A finding of gross negligence on the part of the operator of an automobile toward a guest riding therein was not warranted by evidence merely that on the way to the guest's house the operator, who had been drinking, went through a stop sign without stopping, overshot a left turn, almost striking a tree, and, while maneuvering to deposit the guest at her house, confused the accelerator with the brake pedal, gave the automobile full acceleration and "rammed" it into the house, causing the guest's injuries.

Following a transfer of an action to a District Court under G. L. c. 231, § 102C, findings for the defendant in that court, and a retransfer of the action to the Superior Court, the findings in the District Court constituted prima facie evidence at the trial in the Superior Court and, not being rebutted by contrary evidence, required verdicts for the defendant as a matter of law.

TORT. Writ in the Superior Court dated March 9, 1965.

The action was tried in the Superior Court before *Meagher, J.,* upon retransfer under G. L. c. 231, § 102C. The judge ordered verdicts for the defendant subject to the plaintiffs' exception.

*Albert E. Valliere* for the plaintiffs.
*John B. Killilea* for the defendant.

REARDON, J. This is an action of tort for personal injuries to a wife, the female plaintiff, allegedly sustained due to the gross negligence of the defendant in the operation

of a motor vehicle. Her husband, the male plaintiff, seeks to recover consequential damages.

The plaintiffs and the defendant and his wife had spent two hours in a local tap in the course of which both the male plaintiff and the defendant drank twelve to fourteen eight ounce glasses of beer. The female plaintiff did no drinking. The distance between the plaintiffs' home and the tap was several blocks or several minutes' ride and the female plaintiff could have walked home or telephoned for a taxi. She entered the defendant's vehicle after asking him if he were able to drive and receiving an affirmative answer. On the way to the plaintiffs' home the defendant went through a stop sign without stopping and overshot a left turn at the intersection of the street where the plaintiffs lived, almost striking a tree. At this time the female plaintiff asked to be let out of the car, a request which the defendant ignored. While maneuvering to deposit the plaintiffs at their home the defendant confused the accelerator with the brake pedal while approaching the building, gave the car full acceleration and "rammed" the car into the building, causing the female plaintiff's injuries.

The classic elements of gross negligence stated in *Altman* v. *Aronson*, 231 Mass. 588, 591, are not present in this case. There is no evidence of the rate of speed of the defendant's motor vehicle or that "he over-shot" the left turn as a result of gross negligence. Nor is there evidence that it was his inattention that caused his confusing the accelerator with the brake pedal. That there had been considerable drinking by the parties prior to the accident does not affect the result for there is no evidence that the defendant was drunk or under the influence of liquor. The drinking was an attending circumstance and was not shown to have been a proximate cause of the accident.

The case was transferred to a District Court under G. L. c. 231, § 102C. There were findings for the defendant in that court. At a trial in the Superior Court upon retransfer, the judge ordered verdicts for the defendant subject to the plaintiffs' exception. The findings in the District Court

were prima facie evidence at the trial in the Superior Court upon those matters as were put in issue by the pleadings and, unless rebutted by evidence to the contrary, required verdicts for the defendant as a matter of law. *Lubell* v. *First Natl. Stores, Inc.* 342 Mass. 161, 165. *S. Albertson Co. Inc.* v. *Great No. Ry.* 342 Mass. 326, 327. See *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 566.

*Exceptions overruled.*