O'BRION, RUSSELL & COMPANY *vs.* RICHARD D. LEMAY.

Suffolk.    April 7, 1976. — May 6, 1976.

Present: REARDON, QUIRICO, BRAUCHER, & KAPLAN, JJ.

*Practice, Civil,* Summary judgment.   *Words,* "Affidavit."

In a case transmitted to the Superior Court after trial in the Municipal Court of the City of Boston, the Municipal Court finding for the plaintiff was prima facie evidence under G. L. c. 231, § 102C, on the matters in issue, and was sufficient on a motion for summary judgment under rule 56 (e) of the Massachusetts Rules of Civil Procedure to shift to the defendant the burden of making a response setting forth specific facts showing that there was a genuine issue for trial. [244-245]

On a motion for summary judgment, an affidavit which stated that the defendant could prove that he did not owe the money claimed was wholly inadequate under rule 56 (e) of the Massachusetts Rules of Civil Procedure to rebut the plaintiff's prima facie evidence, and a second "affidavit" which was not sworn to or signed under the penalties of perjury was also insufficient. [245]

CONTRACT.   Writ in the Municipal Court of the City of Boston dated February 25, 1974.

Upon removal to the Superior Court, the action was heard by *Morse, J.,* on a motion for summary judgment.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Richard D. LeMay,* pro se, submitted a brief.

*Thomas K. Zebrowski* for O'Brion, Russell & Company.

BRAUCHER, J.   We again consider the procedure on a motion for summary judgment under Mass. R. Civ. P. 56 (e), 365 Mass. 824 (1974). See *Stetson* v. *Selectmen of Carlisle,* 369 Mass. 755, 762-764 (1976); *Shapiro Equip. Corp.* v. *Morris & Son Constr. Corp.,* 369 Mass. 968 (1976); *Community Nat'l Bank* v. *Dawes,* 369 Mass. 550, 553-556 (1976). The case was transmitted to the Superior Court

after trial in the Municipal Court of the City of Boston. G. L. c. 231, § 104, as appearing in St. 1975, c. 377, § 104. We hold that (1) under G. L. c. 231, § 102C, as amended through St. 1975, c. 377, §§ 102, 102A, the plaintiff's affidavit, incorporating the decision of the Municipal Court and the amount of damages assessed, is "prima facie evidence upon such matters as are put in issue by the pleadings"; (2) the defendant's first affidavit, that he "can prove" that he "does not owe" the money claimed, is insufficient; and (3) the defendant's second "affidavit," not sworn to or signed under the penalties of perjury, is also insufficient. We therefore affirm the judgment for the plaintiff.

The plaintiff sued in the Municipal Court of the City of Boston for insurance premiums in the amount of $668.94, plus interest, on an account annexed, and the judge made a finding for the plaintiff in the amount of $668.94. The defendant then had the case transmitted to the Superior Court, and the plaintiff moved for summary judgment on an affidavit which annexed and incorporated the finding of the Municipal Court. The defendant filed two documents entitled "affidavit." The first, signed under the penalties of perjury, asserts that "the defendant can prove that it does not owe the plaintiff the monies that the plaintiff contends the defendant owes," that proof would be made "through bookkeeping processes through evidence of the defendant's bookkeeper," and that those facts "indicate that there is a genuine issue for trial." The second "affidavit" was not sworn or signed under the penalties of perjury. The Superior Court judge allowed the plaintiff's motion, and judgment for the plaintiff was entered in the amount of $778.74, plus interest from the date the action was entered in the Superior Court to the date of judgment, but without costs. The defendant appealed to the Appeals Court, and we transferred the case to this court on our motion.

1. Under G. L. c. 231, § 104, the case was to be tried in the Superior Court subject to the provisions of G. L. c. 231, § 102C, applicable to retransferred cases. Under § 102C, the finding of the Municipal Court judge was "prima facie evidence" on the matters in issue. No matter what other

evidence might be introduced at trial, the finding would be evidence warranting a verdict for the plaintiff. *Akron Brick & Block Co.* v. *Moniz Eng'r Co.*, 365 Mass. 92, 94 (1974). Unless rebutted by evidence to the contrary, it required a verdict for the plaintiff as matter of law. *Fulton* v. *Gauthier*, 357 Mass. 116, 118 (1970). See *Commonwealth* v. *Pauley*, 368 Mass. 286, 290-291 (1975); appeal dismissed, 423 U.S. 887 (1975). We think it was sufficient to shift to the defendant the burden of making a response setting forth specific facts showing that there was a genuine issue for trial. See 10 C.A. Wright & A.R. Miller, Federal Practice and Procedure §§ 2727, 2739 (1973).

2. The defendant's first affidavit, consisting of "vague and general allegations of expected proof," was wholly inadequate. *Community Nat'l Bank* v. *Dawes*, 369 Mass. 550, 555-556 (1976), quoting from *Albre Marble & Tile Co.* v. *John Bowen Co.*, 338 Mass. 394, 397 (1959). His second "affidavit" was not an affidavit, since it was not sworn to or signed under the penalties of perjury. G. L. c. 268, § 1A. *Galvin* v. *Town Clerk of Winchester*, 369 Mass. 175, 177 (1975).

3. It is apparent that the Superior Court judge added interest to the amount of damages assessed by the Municipal Court, but the record does not disclose the basis of the computation. The defendant argues that the addition was improper, but nothing in the record shows that he raised any such issue in the Superior Court or that it is a genuine issue for trial.

*Judgment affirmed.*