ANNA GARRITY *vs.* VALLEY VIEW NURSING HOME, INC. July 2, 1980.
The judge in the Superior Court appears to have confused the question of
how long the defendant was obliged to extend employment to the plaintiff
(see *Campion* v. *Boston & Me. R.R.*, 269 Mass. 579, 581-582 [1930]; *Fen-
ton* v. *Federal St. Bldg. Trust*, 310 Mass. 609, 612 [1942]; *Phelps* v. *Shaw-
print, Inc.*, 328 Mass. 352, 355 [1952]; *Askinas* v. *Westinghouse Elec.
Corp.*, 330 Mass. 103, 106 [1953]) with the question whether the terms
and provisions of the employee manual which the defendant had required
the plaintiff to sign in 1971 constituted part of her contract of employ-
ment (see *Kirkley* v. *F.H. Roberts Co.*, 268 Mass. 246, 251-252 [1929];
*MacLaren* v. *Windram Mfg. Co.*, 287 Mass. 221, 226 [1934]; *Fortune* v.
*National Cash Register Co.*, 373 Mass. 96, 101 [1977]) when she was dis-
charged by the defendant in 1976. The District Court finding for the
plaintiff under G. L. c. 231, § 102C (as amended through St. 1975,
c. 377, §§ 102 and 102A), when analyzed in light of the issues raised by
the pleadings, was prima facie evidence (see *Cook* v. *Farm Serv. Stores,
Inc.*, 301 Mass. 564, 568 [1938]) of the fact that the terms and provisions
of the manual did form part of the contract of employment at the time of
the discharge. *Spritz* v. *Lishner*, 355 Mass. 162, 164-165 (1969). *Adams,
Harkness & Hill, Inc.* v. *Northeast Realty Corp.*, 361 Mass. 552, 555-556
(1972). As all the relevant evidence in the Superior Court was consistent
with the District Court finding on that point, the judge in the Superior

---

Court was required to reach the same factual conclusion on that aspect of the case. *Universal C.I.T. Credit Corp.* v. *Ingel*, 347 Mass. 119, 125 (1964). *Fulton* v. *Gauthier*, 357 Mass. 116, 117-118 (1970). *O'Brion, Russell & Co.* v. *LeMay*, 370 Mass. 243, 244-245 (1976). As the evidence in the Superior Court was insufficient to warrant a finding that the plaintiff had been discharged under or in accordance with the only provision of the manual relied on by the defendant at the time of the discharge, the judge in that court was required to find for the plaintiff on the ultimate question of liability. On this analysis, it is unnecessary to decide (a) whether the evidence in the Superior Court would have warranted a finding that the defendant was acting in bad faith at the time of the discharge or (b) what the consequence of such a finding would have been. See *Fortune* v. *National Cash Register Co.*, 373 Mass. at 101-106. The judgment is reversed, and the case is remanded to the Superior Court for a determination of the damages sustained by the plaintiff by reason of her wrongful discharge.

*So ordered.*

*David A. Berndt* (*Nicholas N. Marshall* with him) for the plaintiff.
*James J. Marcellino* (*Kevin M. Smith* with him) for the defendant.