JOHN C. MONGEAU *vs.* EDWARD J. BORLEN. May 11, 1981. This action against the defendant car dealer for damages arising out of a violation of G. L. c. 93A, §§ 2(*a*) & 9, was originally brought in the Superior Court, and then transferred to a District Court under G. L. c. 231, § 102C, as amended through St. 1978, c. 478, § 262. The District Court judge found for the plaintiff in the sum of $1,200 (three times his actual damages of $400), plus $250 for attorney's fees. The defendant, without seeking a report to the Appellate Division, requested that the case be retransferred to the Superior Court under G. L. c. 231, § 104, as amended by St. 1978, c. 478, § 263. Upon retransfer, after the plaintiff submitted evidence in addition to the District Court finding, the judge concluded that G. L. c. 93A, § 9, as it appeared at the time of the transaction in question did not apply but awarded the plaintiff the admitted damages of $400 plus $250 for attorney's fees. From this judgment the plaintiff appeals.

The facts may be summarized as follows: In March, 1976, the plaintiff purchased a 1974 Ford LTD automobile (Ford) from the defendant. Before purchasing the car, the plaintiff told the defendant's salesman that the car would be used for transportation to and from school and that the car must be fit to pass inspection. The defendant represented that the car was in "good shape." On April 12, 1976, the plaintiff returned the car to the defendant because it had failed to pass inspection. The defendant told the plaintiff that the repairs necessary for the car to pass inspection would take at least one week to complete and that while the repairs were being made, the plaintiff could use the defendant's 1964 Pontiac am-

bulance. The defendant then placed the license plate from the Ford on the ambulance and gave the plaintiff a bill of sale for the ambulance. The defendant told the plaintiff that the ambulance could be operated lawfully as long as he had the bill of sale indicating that he had purchased the car from the defendant. The plaintiff was further instructed to return every three days for a new bill of sale. The plaintiff drove the ambulance until April 17, having obtained a new bill of sale on April 15, when a police officer stopped him and arrested him for operating an unregistered and uninsured motor vehicle, operating a motor vehicle without an inspection sticker, and unlawfully transferring registration plates from one vehicle to another. The plaintiff incurred $400 in attorney's fees defending himself against the criminal charges, which were eventually dismissed. The plaintiff sent the defendant a demand letter pursuant to G. L. c. 93A, § 9(3). When the defendant failed to respond within thirty days, the plaintiff instituted the instant action for three times his actual damages of $400, plus reasonable attorney's fees.

Before passing on the issue whether the G. L. c. 93A, § 9, remedy is available to the plaintiff on these facts, we must determine what effect, if any, G. L. c. 231, § 102C, has on the judgment rendered by the Superior Court. Section 102C of G. L. c. 231 provides that, following retransfer of a case to the Superior Court, the finding of the District Court judge is "prima facie evidence upon such matters as are put in issue by the pleadings." The plaintiff maintains that since the defendant rested at the close of the plaintiff's evidence in the Superior Court, the Superior Court judge was required under G. L. c. 231, § 102C, to affirm the District Court decision and award of damages. This contention misconstrues the effect of prima facie evidence, which simply means that "no matter what other evidence might be introduced in the Superior Court, the decision of the District Court judge . . . would be evidence warranting a finding for the . . . plaintiff [, the party who prevailed in the District Court]." *Lubell* v. *First Natl. Stores, Inc.*, 342 Mass. 161, 164 (1961). This being so, once the plaintiff presented evidence in addition to the District Court decision, the Superior Court judge, sitting without a jury, was free to accept the decision of the District Court judge and return a finding for the plaintiff, or to disregard the decision of the District Court judge, if the additional evidence so warranted, and return a finding for the defendant. *Methuen Constr. Co.* v. *J & A Builders, Inc.*, 4 Mass. App. Ct. 397, 401 (1976). This is not a case where the Superior Court judge is required as a matter of law to return a finding for the party who prevailed in the District Court unless the opposing party introduces rebutting evidence. See, for example, *O'Brion, Russell & Co.* v. *LeMay*, 370 Mass. 243, 245 (1976). See also *Methuen Constr. Co.* v. *J & A Builders, Inc., supra* at 400. We con-

clude, therefore, that the Superior Court judge was free to find for the defendant if the evidence introduced in the Superior Court so warranted.

As in effect on April 12, 1976, G. L. c. 93A, § 9(1), provided in substance that any person who "purchases or leases goods, services or property . . . primarily for personal, family or household purposes and thereby suffers any loss of money or property . . . as a result of the . . . employment by another person of an unfair or deceptive . . . practice" may bring an action in the Superior Court for damages. The Superior Court judge found as a fact that no money changed hands in connection with the plaintiff's use of the ambulance and that it was given to the plaintiff solely for his benefit. On the basis of these findings, he ruled that the plaintiff had not "purchased or leased" goods or services within the meaning of § 9(1). The evidence which the plaintiff introduced in the Superior Court warranted those findings.

We are not persuaded by the plaintiff's argument that the use of a loaned car, in the event that repairs on the purchased car required an unreasonable length of time, was an implied term of the original sales contract. The plaintiff argues that since he informed the defendant at the time of the original sale that the car would be needed to travel to and from school and that the car must be fit to pass inspection and the defendant represented that the car was in "good shape," the defendant was obligated under the contract to provide alternative transportation in the event that the purchased car was not fit for the particular purposes warranted. The original contract may well have obligated the defendant to perform repair services, but a further obligation to provide alternative transportation in the event that repairs required an extended length of time cannot be so implied. The judge was warranted in finding that G. L. c. 93A, § 9(1), did not apply to the transaction with respect to the loaned car. See *Slaney* v. *Westwood Auto, Inc.*, 366 Mass. 688 (1975), and *Dodd* v. *Commercial Union Ins. Co.*, 373 Mass. 72 (1977).

*Judgment affirmed.*

*Leon W. Malinofsky, Jr.*, for the plaintiff.
*George W. Leary*, for the defendant, submitted a brief.