BARBARA FORREY *vs.* DEDHAM TAXI, INC. January 30, 1985. *Evidence,*
Prima facie evidence. *Practice, Civil,* Action transferred to District Court.

In awarding the plaintiff damages on her complaint against the defendant
for negligence, a District Court judge found that, as a result of the defendant's
negligence, the plaintiff had sustained injuries for which she incurred reason-
able and necessary medical expenses, in excess of $500, for her care and
treatment. See G. L. c. 231, § 6D. At the trial in the Superior Court, upon
the defendant's retransfer under G. L. c. 231, § 102C, the plaintiff introduced
in evidence the District Court decision and, under G. L. c. 233, § 79G,
certified copies of her medical bills in the amount of $680.00, as well as,
by stipulation, additional medical and pharmaceutical bills in the amount
of $198.00. She then rested. The defendant's only witness was the plaintiff,
who testified to the nature of the injuries, the dates of her consultations
with her attorney and doctors, and her loss of earnings.

When the defendant rested, the plaintiff requested that the jury be in-
structed that "there being no affirmative evidence that the bills were not
necessary or reasonable, the finding of the [District Court] trial judge that
the bills were fair and reasonable must stand." The trial judge refused to
give the plaintiff's requested instruction, and when the jury found for the
defendant, he denied the plaintiff's motions under Mass.R.Civ.P. 50(b) &
59, 365 Mass. 814, 827 (1974). The reason given by the trial judge for his
various rulings is as follows: "The finding of the [D]istrict [C]ourt judge
and the amount of damages were admissible as prima facie evidence. This
entitled the plaintiff to go to the jury regardless of the state of the defendant's
case. However, the jury was entitled to make its own determination of the
facts required for deciding whether or not the plaintiff had sustained her
burden of proof. . . ."

1. Under G. L. c. 231, § 102C (as appearing in St. 1978, c. 478, § 262),
the effect of the District Court decision after retransfer to the Superior Court
is that the decision is "prima facie evidence upon such matters as are put
in issue by the pleadings." See *Lubell* v. *First Natl. Stores, Inc.*, 342 Mass.
161, 163 (1961); *Fulton* v. *Gauthier*, 357 Mass. 116, 117-118 (1970).
Unless the prima facie evidence is rebutted by evidence to the contrary, a
verdict for the prevailing party at the District Court trial is required as
matter of law. *Cook* v. *Farm Serv. Stores, Inc.*, 301 Mass. 564, 566 (1938).
*Universal C.I.T. Credit Corp.* v. *Ingel*, 347 Mass. 119, 125 (1964).
*O'Brion, Russell & Co.* v. *LeMay*, 370 Mass. 243, 245 (1976).

The defendant's case was insufficient to rebut the plaintiff's prima facie
evidence. "It is settled that mere disbelief of testimony does not constitute
evidence to the contrary. A case lacking adequate affirmative proof is
insufficient to support a verdict in favor of the party with the burden on
the issue." *Kunkel* v. *Alger*, 10 Mass. App. Ct. 76, 86 (1980), and cases
therein cited. See *Methuen Constr. Co.* v. *J. & A. Builders, Inc.*, 4 Mass.
App. Ct. 397, 401 (1976); *Sylon Indus., Inc.* v. *Trim Knit, Inc.*, 13 Mass.
App. Ct. 970, 971 (1982). Contrast *Miles* v. *Edward O. Tabor, M.D.,*

*Inc.*, 387 Mass. 783, 786-787 (1982). The plaintiff was entitled to the requested instruction. See *Fulton* v. *Gauthier*, 357 Mass. at 117-118; *Garrity* v. *Valley View Nursing Home, Inc.*, 10 Mass. App. Ct. 822 (1980).

2. This case is before us on a report, under Mass.R.Civ.P. 64, 365 Mass. 831 (1974), in which the trial judge states: "If there was error in the Court's ruling on the plaintiff's requests for instructions to the jury or to the denial of the aforesaid motions, then it is agreed by all parties that judgment be entered for the plaintiff on the decision of the [D]istrict [C]ourt." The parties' agreement, to which we hold the defendant (see *Tolman* v. *Tolman*, 224 Mass. 501, 504 [1916]; *School Comm. of New Bedford* v. *Dlouhy*, 360 Mass. 109, 111 [1971]), and the trial judge's reported reason for the denials of the plaintiff's requested instruction and postverdict motions, make it unnecessary for us to consider such procedural niceties as whether the plaintiff should have moved for a directed verdict before bringing a motion for judgment notwithstanding the verdict, cf. *Martin* v. *Hall*, 369 Mass. 882, 884 (1976); whether the requested instruction constitutes the functional equivalent of a motion for a directed verdict; or whether the trial judge abused his discretion or committed error of law (see, e.g., *Perry* v. *Manufacturers Natl. Bank*, 315 Mass. 653, 656 [1944]) in denying the motion for new trial brought on the basis that the verdict was against the weight of the evidence. We think it clear from the report that the trial judge and the parties have reasonably agreed that the plaintiff should be entitled to a judgment on the District Court decision in the event that the trial judge committed an error of law in his various rulings on the plaintiff's requested instruction and postverdict motions.

3. It follows from what we said in part 1 of this opinion that the plaintiff is entitled to judgment. Accordingly, the matter is remanded to the Superior Court for entry of a judgment for the plaintiff consistent with this opinion and with the parties' agreement.

*So ordered.*

The case was submitted on briefs.
*Albert Auburn* for the plaintiff.
*Francis J. Scannell* for the defendant.