Toomey, J.
Plaintiffs, Mary Ann Iaconi-Young (“Young") and Adeline Iaconi (“Iaconi”), brought this action seeking recovery of unpaid personal injury protection (“PIP") benefits to which they claim they are entitled pursuant to Young’s motor vehicle insurance policy with the defendant, Arbella Mutual Insurance Company (“Arbella”). Additionally, plaintiffs seek multiple damages for unfair business practices, as defined by G.L.c. 93Aand c. 176D, and attorneys fees pursuant to G.L.c. 90, §34M.
Plaintiffs brought suit against Arbella in the Westborough District Court. After a trial on the matter, the District Court entered a judgment for plaintiffs on all counts. Arbella appealed that judgment to the District Court’s Appellate Division which affirmed the District Court’s decision. Arbella then removed the case to the Superior Court pursuant to G.L.c. 231, §104, requesting a trial de novo.
Plaintiffs now move for summary judgment on the grounds that the District Court’s finding is prima facie evidence in the trial de novo, and, because Arbella has not presented any evidence to rebut the District Court’s decision, judgment, as a matter of law, must be entered in plaintiffs’ favor.
Arbella has filed a cross-motion for summary judgment, asserting that its denial of plaintiffs’ PIP benefits was valid, as a matter of law, because plaintiffs failed to cooperate with Arbella’s investigation of their claims. For the following reasons, plaintiffs’ motion for summary judgment is ALLOWED, and defendant’s cross-motion for summary judgment is ALLOWED in part and DENIED in part.
BACKGROUND
The following facts are undisputed. On February 27, 1993, Young, the owner and operator of a motor vehicle insured by Arbella, and Iaconi, a passenger in that car, were involved in a motor vehicle accident. On March 1, 1993, plaintiffs notified Arbella that they were injured in the accident. Young’s motor vehicle insurance policy with Arbella provided for PIP benefits pursuant to G.L.c. 90, §34M. In a series of letters dated March 12, 1993, Arbella acknowledged plaintiffs’ claims and requested that plaintiffs provide Arbella with a recorded statement concerning the accident and their alleged injuries. In addition, those letters informed plaintiffs that their claims were being handled pursuant to a reservation of rights, and, as such, any investigation Arbella conducted regarding their claims would not bar Arbella from denying coverage at a later date if the investigation revealed that plaintiffs’ injuries were not covered by Young’s policy.
On April 2, 1993, Arbella reiterated its request for a recorded statement from plaintiffs and reasserted its reservation of rights. In a written response, plaintiffs’ attorney refused to allow a recorded statement of his clients unless Arbella confirmed coverage and withdrew its reservation of rights. As reason for the refusal to submit, plaintiffs’ attorney asserted that Young’s insurance policy did not require a recorded statement as a prerequisite to coverage.
Arbella disputed plaintiffs’ reading of the policy and refused their request that Arbella withdraw the reservation of rights. Instead, Arbella informed plaintiffs that their failure to submit a recorded statement of their accident was a breach of their duty to cooperate which might result in a denial of coverage. Arbella, thereafter, scheduled medical examinations for plaintiffs which they refused to attend due to Arbella’s failure to affirm coverage. On May 14, 1993, Arbella disclaimed coverage on the grounds that plaintiffs had failed to cooperate with Arbella’s investigation of their claims.
On May 24, 1993, plaintiffs supplied Arbella with completed PIP forms, followed, on September 20, 1993, by medical bills and lost wage documentation. In response to plaintiffs’ submissions, Arbella reiterated its denial of coverage. Plaintiffs made two subsequent demands for payment, including allegations of unfair business practices pursuant to chapters 93A and 176D, which were denied by Arbella.
Plaintiffs brought a claim against the driver of the other motor vehicle involved in the accident and subsequently settled that claim. Plaintiffs then made a claim for underinsured benefits pursuant to Young’s policy with Arbella. The underinsured claim proceeded to arbitration. The Arbitrator found that Young had incurred $3,780.00 in medical expenses and had suffered $2,921.31 in lost wages. The Arbitrator also found that Iaconi had incurred medical expenses totaling $3,665.00. Because the maximum underinsurance recovery under Young’s policy was $5,000 per plaintiff, the Arbitrator awarded Young $5,000 and Iaconi $2,000. Arbella paid those awards.
*219 On October 24, 1994, plaintiffs filed suit in the District Court alleging breach of contract by Arbella. After trial, judgment was entered in plaintiffs’ favor. The court awarded plaintiffs damages on account of Arbella’s breach and doubled that award, pursuant to chapters 93A and 176D, for unfair and deceptive settlement practices by Arbella. The court’s judgment compensated Young for $3,780.00 in medical bills and $2,190.75 for lost wages and awarded Iaconi $3,665.00 for medical expenses. Arbella appealed the District Court’s decision to the Appellate Division of the District Court which affirmed the District Court’s findings. Arbella asserted its right to a trial de novo under G.L.c. 231, §104, and the complaint was lodged in the Superior Court on April 13, 1998.
DISCUSSION
Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and of establishing “that the summary judgment record entitled the moving party to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 808, 809 (1992); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party then must respond by articulating facts which establish the existence of a genuine issue of material fact. Pederson, 404 Mass, at 17.
I. SUPERIOR COURT REVIEW OF THE APPELLATE DIVISION’S DECISION
A final decision of the District Court’s Appellate Division is ordinarily reviewed by the Appeals Court. G.L.c. 231, §109. A decision is deemed final when “it terminates the litigation on its merits, directs what judgment shall be entered and leaves nothing to the judicial discretion of the trial court.” Locke v. Slater, 387 Mass. 682, 683-84 (1982). An Appellate Division’s decision is not final and does not “terminate the litigation on its merits” when the party which lost in the Appellate Division possesses a right to remove the case to the Superior Court for a trial de novo pursuant to G.L.c. 231, §104. Cifizzari v. D’Annunzio, 394 Mass. 149, 150 (1985); Locke, 387 Mass. at 684. If removal to the Superior Court is an option, the Appellate Division’s finding is interlocutory in character and immediate review by the Appeals Court is impermissible. Pupillo v. New England Tel & Tel Co., 381 Mass. 714, 715 (1980). Instead, the Superior Court is to review, as a component of the trial de novo proceedings, the Appellate Division’s decision for errors of law. Bender v. Automotive Specialists, Inc., 407 Mass. 31, 32 (1990); Gauvin v. Clark, 404 Mass. 450, 457 (1989); Henry v. Mansfield Beauty Academy, 353 Mass. 507, 509 (1968).[2]
In the case at bar, plaintiffs sought less than $25,000 in damages from Arbella, and, therefore, had the option to file suit in either the District or Superior Courts. See G.L.c. 231, §102C. Because plaintiffs chose to tiy the case in the District Court, Arbella, as the losing party, possessed a right to request a trial de novo in the Superior Court. G.L.c. 231, §104. Accordingly, the Appellate Division’s decision against Arbella was not final in the sense that it terminated the matter on its merits because further litigation could still ensue in the Superior Court at Arbella’s election. The Superior Court is thus the appropriate forum for Arbella to seek review of the Appellate Division’s decision. Bender, 407 Mass at 32; Locke, 387 Mass. at 684. We shall next engage in that review.
Arbella unsuccessfully argued to the Appellate Division that the District Court made three errors of law. First, Arbella asserted that the District Court failed to apply the appropriate burden of proof in the case. Arbella urged an appellate ruling that the District Court incorrectly required Arbella to prove plaintiffs’ noncooperation, rather than imposing on plaintiffs the burden of proof to establish cooperation with Arbella’s investigation of their claims. Second, Arbella alleged that the trial court erred when it found that Arbella had violated chapters 93A and 176D. Finally, Arbella argued that the District Court awarded plaintiffs excessive damages under the circumstances. The same contentions are presented to this Court and will be treated seriatim.
A. Burden of Proof
The Appellate Division correctly found that the District Court applied the appropriate burden of proof in the trial before it. In order for an insurer to successfully assert noncooperation as a defense in a suit for unpaid PIP benefits, see G.L.c. 90, §34M, the insurer must prove that the insured breached a provision of the insurance policy and that such breach resulted in actual prejudice to the insurer. Mello v. Hingham Mut. Fire Ins. Co., 421 Mass. 333, 335-37 (1995); Darcy v. Hartford Ins. Co., 407 Mass. 481, 488-89 (1990). The Appellate Division correctly noted that only after the insurer has established both breach and prejudice may it legally discharge its payment obligations. See Mello, 421 Mass. at 336-37.
Arbella alleges that plaintiffs’ failure to submit to a medical examination justified its denial of the coverage under Hodnett v. Arbella Mutual Ins. Co., 1996 Mass.App.Div. 131.[3] The rule of Hodnett is, however, inapplicable at bar because Arbella denied coverage not on account of plaintiffs’ refusal to undergo a medical examination, as in Hodnett, but for the reason *220 that plaintiffs failed to provide Arbella with a recorded statement. Arbella sent plaintiffs a reservation of rights letter[4] premised solely upon plaintiffs’ failure to provide Arbella with a recorded statement of the accident. There being no evidence that Arbella’s denial was based on plaintiffs’ refusal to undergo a medical examination, the District Court’s and Appellate Division’s findings that Arbella denied coverage based on plaintiffs’ failure to provide a recorded statement is supported by the record and, consequently, Hodnett affords no support for Arbella’s contention.
The questions that remain under the Mello analysis, therefore, are whether plaintiffs breached the insurance policy by failing to provide a recorded statement, and, if so, whether that breach resulted in actual prejudice to the insurer. See Mello, 421 Mass. at 335-37. Nothing in the terms or reasonable implications of Young’s policy and nothing in the provisions of G.L.c. 90, §34M suggest that filing a recorded statement is a prerequisite to obtaining benefits under the contract or the statute. Arbella cannot, therefore, claim non-cooperation as a defense because it cannot establish that plaintiffs breached an established provision of the insurance policy or of legislation by failing to provide a recorded statement of the accident.[5] There was thus no error in the Appellate Division’s allocation of the burden of proof or its determination that defendant has failed to carry its burden.
B. Chapters 93Aand 176D
The Appellate Division correctly reasoned that the District Court did not err when finding that Arbella violated G.L.c. 93A and c. 176D. The Appellate Division held that the District Court had properly awarded multiple damages under those statutes because Arbella predicated its reservation of rights upon noncompliance with a demand, to wit, the requirement of a recorded statement, a demand that was not, under either G.L.c. 90, §34M or the policy, open to Arbella to make.
In order to prevail in a cause of action based on chapters 93A and 176D, plaintiff must show that no reasonable insurer would have acted as the defendant did under the same circumstances. See Hartford Cas. Ins. Co. v. New Hampshire Ins. Co., 417 Mass. 115, 121 (1994). This Court finds that the Appellate Division did not err in concluding that no reasonable insurer in Arbella’s position would disclaim coverage based on plaintiffs’ failure to comply with a request from the insurer that was neither part of the policy existing between the parties nor required by law. The Appellate Division’s determinations that Arbella’s actions were “unfair” and “deceptive” and that multiple damages were an appropriate remedy, see G.L.c. 93A, §2 and c. 176D, §3, present no reason for reversal by this Court.
C. Computation of Damages
The Appellate Division incorrectly found that the District Court made no error in its computation of damages. Arbella argued that the District Court’s award was excessive because the District Court failed to reduce plaintiffs’ recovery, which included compensation for medical bills and lost wages, by the Arbitrator’s award paid by Arbella, which compensated plaintiffs for the same expenses.[6] Arbella, therefore, asserts that plaintiffs were improperly allowed a double recovery.
Because PIP benefits are granted “in lieu of damages otherwise recoverable by [an] injured person or persons in tort as a result of an accident,” a plaintiff cannot recover PIP benefits from his or her insurer and accept an award in a tort action from the tortfeasor causing the accident. G.L.c. 90, §34M. Rather, any award in the tort action must be reduced by PIP benefits already paid to the plaintiff. Id. The Appellate Division held that, because the prohibition against double recovery found in G.L.c. 90, §34M applies only to damages received in a tort claim and to those awarded as PIP benefits, the rule is inapplicable in the instant case where the claims brought against the defendant arose from a contract claim. Plaintiffs, therefore, were permitted by the Appellate Division to recover from Arbella under its underinsurance policy and to recover for the same expenses pursuant to the District Court’s award.
The Appellate Division’s finding, however, failed to implement the General Court’s objective in promulgating G.L.c. 90, §34M, viz, the avoidance of windfall recoveries. Mailhot v. Travelers Ins. Co., 375 Mass. 342, 347 (1978); Amico Mut. Ins. Co. v. Bagley, 28 Mass.App.Ct. 85, 89 (1989). While the statute does not expressly dictate the outcome of the case at hand, the legislative purpose underlying the statute compels the conclusion that the Appellate Division’s finding ought not to survive because it allows plaintiffs to recover twice for the same expenses. The District Court’s award to plaintiffs should be reduced by the Arbitrator’s award. Therefore, this case will be remanded to the District Court to permit it to amend its judgment consistent with the views expressed in this Memorandum of Decision. No additional or different findings of fact are required; the District Court need only effect a correction of the judgment to strike out those portions of its award of damages that permit a double recovery. See Page v. New England Tel. & Tel. Co., 383 Mass. 250, 251 (1981).
II. USE OF DISTRICT COURT’S DECISION IN SUMMARY JUDGMENT ANALYSIS
If the Superior Court affirms the Appellate Division’s decision, the District Court’s finding is admissible as primafacie evidence at the de novo trial in the Superior Court. Fulton v. Gauthier, 357 Mass. 116, 117-18 (1970); Henry v. Mansfield Beauty Academy, 353 Mass. 507, 508-09 (1968). Such primafacie evidence requires the entry of a verdict in the Superior Court, as a matter of law, for the party who prevailed in the District Court, unless the losing party can rebut *221 the evidence’s primafacie effect. O’Brion, Russell & Co. v. LeMay, 370 Mass. 243, 244-45 (1976); Forrey v. Dedham Taxi, 19 Mass.App.Ct. 955, 955 (1985). To rebut successfully the primafacie evidence, the losing party must provide the Superior Court with some relevant evidence that is inconsistent with the District Court’s finding on that aspect of the case. Garrity v. Valley View Nursing Home, Inc., 10 Mass.App.Ct. 822, 823 (1980).[7] If the appealing party satisfies its burden, the District Court’s finding loses its primafacie effect and is considered by the finder of fact along with all the other evidence presented at the de novo trial. Mongeau v. Bennett, 11 Mass.App.Ct. 1031, 1032 (1981). If the appealing party does not satisfy its burden, judgment must be entered, as a matter of law, for the parly prevailing in the District Court. Id.
Because this Court has found that the Appellate Division correctly upheld the District Court’s ruling,[8] that ruling has prtmafacie effect, favoring plaintiffs in the trial de novo in this Court, unless Arbella can rebut the District Court’s decision with evidence that is inconsistent with the District Court’s finding. See O’Brion, Russell & Co., 370 Mass. at 244-45; Fulton, 357 Mass. at 117-18; Forrey, 19 Mass.App.Ct. at 955. In its effort to provide that rebuttal evidence and thus to erode the primafacie effect of the District Court’s holding, Arbella has submitted to this Court a chronology of correspondence between the parties. Arbella alleges that that correspondence establishes a noncooperation defense. Arbella claims that the series of letters justifies its disclaimer of benefits because plaintiffs failed to provide a recorded statement, as requested, failed to supply medical documentation and refused to submit to a medical examination.
The same items of correspondence were considered by the District Court in its decision in plaintiffs’ favor. See Trial Judge’s Findings of Fact. The District Court found that Arbella’s denial of coverage was premised upon plaintiffs’ failure to comply with Arbella’s request that they provide Arbella with a recorded statement of the accident. As concluded, supra, the District Court’s determination- — that plaintiffs’ refusal was not a breach justifying Arbella’s denial of coverage — was rational and reasonable. Having offered this Court no evidence inconsistent with the District Court’s decision, the correspondence Arbella now presents is insufficient to rebut the primafacie effect of the District Court’s finding. As a matter of law, therefore, judgment must be entered for plaintiffs. See O’Brion, Russell & Co., 370 Mass. at 244-45; Forrey, 19 Mass.App.Ct. at 955.
ORDER
It is hereby ORDERED that plaintiffs’ motion for summary judgment is ALLOWED and defendant’s cross-motion for summary judgment is ALLOWED in part and DENIED in part. The case is remanded to the District Court for its recrafting of the judgment in accordance with this Memorandum of Decision.

Only after the Superior Court reviews the Appellate Division’s decision, does a right to petition the Appeals Court arise. Pupillo v. New England Tel & Tel Co., 381 Mass. 714, 715 (1980).

In Hodnett, the court found that an insured’s failure to cooperate and submit to a medical examination, as required by G.L.c. 90, §34M, was by itself sufficient to "establish noncooperation under the statute. Hodnett, 1996 Mass.App.Div. at 134.

The letter was sent on March 12, 1993.

We need not discuss the issue of prejudice to Arbella because Arbella’s case does not survive the “breach” inquiry. See Mello, 421 Mass. at 335-37.

The Arbitrator found Young incurred $3,780.00 in medical expenses and $2,921.31 in lost wages, while Iaconi incurred medical expenses totaling $3,665.00. Since the maximum underinsurance recovery under Young’s policy was $5,000 per plaintiff, the Arbitrator awarded Young $5,000 and Iaconi $2,000, which Arbella later paid. Similarly, the District Court’s judgment compensated Young for $3,780.00 in medical bills and $2,190.75 for lost wages and awarded Iaconi $3,665.00 for medical expenses.

Mere disbelief of testimony does not constitute sufficient evidence to the contrary and will not serve to rebut the District Court’s finding and diminish its effect in the Superior Court trial. Forrey, 19 Mass.App.Ct. at 955.

While this Court does not affirm the Appellate Division’s decision in every respect, that issue which we overrule does not affect the factual underpinnings of the District Court’s case. Rather it merely affects the calculation of the final judgment. Therefore, the District Court’s factual finding was not based on an error of law and a trial de novo is not required. See Gauvin v. Clark, 404 Mass. 450, 457 (1989); Harrison v. Textron, 367 Mass. 540, 553 (1975).